FILED

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

22 NOV 16 PM 4:07

CLERK. U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| ROBERT ZIMMER, *Plaintiff* | § § § § | **CASE NO. 1:22-cv-01135-RP** |
| VS. | § § | Hon. Robert Pitman |
| NCB MANAGEMENT SERVICES, *and* ARCH INSURANCE COMPANY, *Defendants* | § § § § § | **JURY DEMAND** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Robert Zimmer ("Zimmer"), and pursuant to Fed. R. Civ. P.,

Rule 15(a)(1), files this, his First Amended Complaint, against DEFENDANTS NCB

Management Services ("NCB") and Arch Insurance Company ("Arch"), and for causes of action

would respectfully show this Honorable Court the following:

## PARTIES

Plaintiff Robert Zimmer is a resident of Travis County, Texas.

Defendant NCB Management Services, Inc. is a foreign corporation domiciled in the

state of Pennsylvania, which conducts or transacts business in Texas.

Defendant Arch Insurance Company is a foreign company domiciled in New Jersey,

which conducts or transacts business in Texas.

Defendant Arch Insurance Company may be served via its registered agent,

CORPORATION SERVICE COMPANY, 211 E 7TH ST STE 620, AUSTIN, TX 78701.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claims under federal law, and pursuant to 28 U.S.C. § 1367 for Plaintiff's state law claims.

2.      Venue is proper in this District because parts of the acts and transactions occurred here, and Defendant NCB transacts substantial business here.

## FACTUAL ALLEGATIONS

3.      At all times relevant to this claim, Plaintiff was a "consumer" as that term is defined in the Texas Debt Collection Act ("TDCA"), Tex Fin. Code § 392.001(1), and as that term is defined in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a)(3).

4.      At all times relevant to this claim, NCB was both a "debt collector" and a "third-party debt collector" as those terms are defined in the TDCA § 392.001(6) and (7), respectively.

5.      At all times relevant to this claim, NCB was a "debt collector" as that term is defined in the FDCPA § 1692a(6).

6.      The claims in this lawsuit arose from NCB's deceptive and illegal attempts to collect from Plaintiff an alleged Upgrade consumer debt (the "alleged debt").

7.      NCB has left at least two voicemails at Plaintiff's office in an attempt to collect the alleged debt.

8.      The voicemails are each "communications" as that term is defined in the FDCPA § 1692a(2).

9.      None of the voicemails meaningfully identified the party placing the call.

10.     None of the voicemails stated to whom the messages were directed.

11.    None of the voicemails stated that NCB was seeking location information about Plaintiff.

12.    Plaintiff's paralegal heard the voicemails.

13.    NCB's initial communication with Plaintiff (in a September 2022 voicemail) failed to state the required FDCPA disclaimer that the communication was an attempt to collect a debt.

14.    NCB failed to mail Plaintiff the written notice required by the FDCPA 1692g(a) within five days of its initial communication with Plaintiff in September 2022.

15.    In fact, Plaintiff has never received any written communications whatsoever from NCB to explain or justify its repeated collection phone calls.

16.    Arch Insurance Company is liable for acts committed by NCB pursuant to, and to the extent provided by the TDCA § 392.101 and a bond secured pursuant thereto, as well as any other applicable law. Specifically, Arch Insurance Company is liable on bond number **SU1134233.**

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE TEXAS DEBT COLLECTION ACT ("TDCA"), TEX. FIN. CODE §392 *et seq.*

1.  Plaintiff incorporates the preceding paragraphs as if set forth at length.

2.  NCB violated the TDCA § 392.302(2) because each of its voicemails failed to meaningfully identify the company and individual placing the call.

3.  As a result of NCB's violations of the TDCA, Plaintiff is entitled actual damages pursuant to the TDCA § 392.403(a)(2); to injunctive relief pursuant to the TDCA § 392.403(a)(1); and reasonable attorney's fees pursuant to the TDCA § 392.403(b).

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

4. Plaintiff incorporates the preceding paragraphs as if set forth at length.

5. NCB violated the FDCPA § 1692g(a) by failing to provide the required written notice regarding the alleged debt within five days of its initial communication with Plaintiff.

6. NCB repeatedly violated the FDCPA § 1692d(6) because its voicemails failed to meaningfully disclose the caller's identity.

7. NCB violated the FDCPA § 1692c(b) because Zimmer's paralegal heard the voicemails, and the FDCPA § 1692c(b) prohibits communication with third parties about the alleged debt without the consumer's permission and where the communication is not sought for purposes of locating the consumer.

8. Due to NCB's violations of the FDCPA, Zimmer is entitled to actual damages pursuant to the FDCPA § 1692k(a)(1), according to proof; statutory damages of $1000.00 pursuant to the FDCPA § 1692k(a)(2)(A); and attorney fees pursuant to FDCPA § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBERT ZIMMER prays that this Court:

a. award Zimmer statutory damages of $1000.00, and actual damages according to proof, per the FDCPA § 1692k;

b. award Zimmer actual damages according to proof, per the TDCA § 392.403;

c. enter an order enjoining NCB from engaging in any further collection activities on this alleged debt as to Zimmer, the injunction being authorized by the TDCA §392.403.

**d.** award Zimmer reasonable attorney's fees as authorized by the FDCPA and TDCA.

**e.** Award Zimmer any other relief which this Court may find him entitled, at law or in equity.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

Respectfully Submitted,

**Zimmer & Associates, A Law Firm**
1108 Lavaca Street, Suite 110-187
Austin, Texas 78701
Telephone/Fax: (512) 434-0306

By:    **Robert Zimmer**
State Bar No. 24098662
zimmerlawTX@gmail.com

## ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that on November 15, 2022, I served the foregoing First Amended Complaint on Counsel for NCB Management Services, Inc. via e-mail, and on the Court (in person) on November 16, 2022.

By:    Robert Zimmer